UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> BARRA BRAVA 290 SPORTS & GRILL LLC, d/b/a BARRA BRAVA 290 SPORTS & GRILL, and <br><br> ALEX R. MARTINEZ, <br><br> Defendants. | CASE NO.: |

# **COMPLAINT**

Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff"), by and through its attorney, for its Complaint against Defendants, (1) Barra Brava 290 Sports & Grill LLC, *doing business as* Barra Brava 290 Sports & Grill, and (2) Alex R. Martinez (collectively, "Defendants") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended (the "FCA"), 47 U.S.C. § 553 and 47 U.S.C. § 605.

2. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 213 W. Street Rd., Feasterville, Pennsylvania 19053. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations.

4. Defendant, BARRA BRAVA 290 SPORTS & GRILL LLC

   a. is a domestic limited liability company organized and existing under the laws of the State of Texas,

   b. conducts business in the State of Texas,

   c. may be served by serving its Registered Agent, Alex Martinez at its registered office located at 825 Austin St., Suite 813, Hempstead, Texas 77445 or wherever found,

   d. conducted business as "Barra Brava 290 Sports & Grill" on the date of the Program,

   e. owned, operated, maintained, and controlled the commercial business known as Barra Brava 290 Sports & Grill located at 825 Austin St., Suite 813, Hempstead, Texas 77445 (the "Establishment") on the date of the Program,

   f. held an active sales tax permit issued by the Texas Comptroller of Public Accounts for the Establishment on the date of the Program, and

   g. held an active alcohol license/certificate issued by the Texas Alcoholic Beverage Commission for the Establishment on the date of the Program.

5. Defendant, ALEX R. MARTINEZ

    a. is an individual who resides in the State of Texas,

    b. may be served at 825 Austin St., Suite 813, Hempstead, Texas 77445 or wherever found,

    c. operated, maintained, and controlled the Establishment on the date of the Program,

    d. was a member, manager, officer, and/or principal of the entity owning and operating the Establishment on the date of the Program,

    e. was an owner of the entity owning and operating the Establishment on the date of the Program,

    f. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

    g. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## FACTS

6. Plaintiff was granted the sole and exclusive commercial/non-residential license to distribute the live pay-per-view broadcast of the *Canelo Alvarez vs. Gennady "GGG" Golovkin III* boxing match, including all undercard bouts and commentary, telecast on September 17, 2022 (the "Program"), excluding movie theatres. DAZN Limited ("DAZN"), the licensor of the Program, granted to Plaintiff the sole and exclusive commercial/non-residential license to distribute the Program in the United States to commercial businesses such as the Establishment.

7. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and via over the air signal. The interstate satellite transmission of the Program was electronically coded or scrambled and was not available to or intended for the free use of the general public on the scheduled date of the Program.

8. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program to those establishments in the State of Texas.

9. The Program was legally available to the Defendants for exhibition in the Establishment only after paying a commercial sublicense fee for the Program, which fee was determined by the capacity of the Establishment. Defendants, however, chose not to obtain the proper commercial license to exhibit the Program in the Establishment. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained the Program via an over the air signal or, in the alternative, via a cable signal, whether by misuse of television services, internet, or other devices.

10. To avoid paying the proper commercial sublicense fee to Plaintiff, some commercial locations unlawfully obtained the broadcast of the Program by streaming the Program from DAZN's website. DAZN clearly limits use of material from its website to *non-commercial, private viewing purposes only* and prohibits distribution for any commercial or business use without prior written consent. The signal, transmitted over the air or by cable, is intercepted and unscrambled by the purchase of the Program for viewing on a personal device or in a residence. Then, commercial locations unlawfully broadcast the Program commercially.

11. Defendants willfully engaged in wrongful acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper commercial sublicense. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Program at their Establishment was not properly authorized.

12. The broadcast of the Program at the Establishment was not for private viewing and was not for residential, non-commercial purposes. The broadcast of the Program at the Establishment was advertised on social media. Patrons were charged a cover charge to enter the Establishment to view the Program. In addition to charging a cover charge, the Establishment sold food and/or drinks on the date and during the broadcast of the Program. The public display of the Program at the Establishment was to entice patrons to the Establishment to spend money while viewing the Program.

13. Defendants intentionally pirated or assisted in the intentional piracy of the Program for the purpose of their own economic gain. Defendants exhibited the Program for the commercial purposes of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights. On the date of the Program, in violation of Plaintiff's rights and the FCA, Defendants intercepted and/or received the transmission of the Program and unlawfully exhibited the Program in their Establishment for commercial purposes.

14. Defendants did not have license, authorization, permission, or consent to publicly exhibit the Program in the Establishment from Plaintiff. Upon information and belief, Defendants did not have license, authorization, permission, or consent to publicly exhibit the Program in the Establishment from any legitimate distributor of the Program including, without limitation, from DAZN.

15. In addition, by virtue of his position(s) as it relates to the Establishment, Defendant, Alex R. Martinez had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

16. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

<u>PIRACY - 47 U.S.C. § 605 OR, ALTERNATIVELY, 47 U.S.C. § 553</u>

17. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. The FCA protects against the piracy of radio and television signals. By virtue of Plaintiff's proprietary rights in and to the Program, Plaintiff is a person aggrieved under the FCA.

19. Defendants' unauthorized exhibition of the Program was accomplished through the interception and/or receipt of a signal transmitted over the air or, in the alternative, transmitted via cable. Defendants' violation was willful and for purposes of commercial advantage or private financial gain.

20. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

21. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

22. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

23. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553,

    b. for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553,

    c. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

    d. for such other and further relief to which Plaintiff may be entitled.

          Respectfully submitted,

          JAMIE KING, P.C.

          */s/ Jamie King*
          Jamie King
          Attorney-in-Charge
          State Bar No. 24043755
          SDTX No. 566838
          P.O. Box 5757
          Kingwood, Texas 77325
          (832) 584-0106 Telephone
          (888) 247-0443 Facsimile
          jamie@jamiekingpc.com

          ATTORNEY FOR PLAINTIFF,
          JOE HAND PROMOTIONS, INC.